08-4063-ag
Chimeka v. U.S. Attorney General

BIA
Chew, IJ
079 427 643

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge,*
    PIERRE N. LEVAL,
    PETER W. HALL,
        *Circuit Judges.*

_____

GODWIN UDO CHIMEKA,
        *Petitioner,*

    v.                                08-4063-ag
                                      NAC
U.S. ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Georgia B. Gillett, Miramar,
                       Florida.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, James A. Hunolt, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Godwin Udo Chimeka, a native and citizen of Nigeria, seeks review of a July 25, 2008 order of the BIA affirming the October 29, 2007 decision of Immigration Judge ("IJ") George T. Chew, pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Godwin Udo Chimeka*, No. A079 427 643 (B.I.A. July 25, 2008), *aff'g* No. A079 427 643 (Immig. Ct. N.Y. City Oct. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, because Chimeka does not challenge the IJ's pretermission of his untimely asylum application, we review only Chimeka's challenge to the agency's denial of his applications for withholding of removal and CAT relief.

2

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Because Chimeka filed his asylum application after May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 apply to his asylum application. *See* Pub.L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably found that Chimeka's testimony was inconsistent with his asylum application, as Chimeka claimed during his merits hearing that he had been arrested in Nigeria on two prior occasions, but indicated on his asylum application that he had never

3

been arrested. Although "asylum applicants are not required to list every incident of persecution on their I-589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir. 2006), Chimeka's omission of these alleged arrests was sufficiently dramatic as to undermine his credibility. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 294-96 (2d Cir. 2006); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The IJ's adverse credibility determination was also supported by his observation that Chimeka was "very hesitant and very evasive" during questioning about his alleged MASSOB activities in the United States. We afford particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Chimeka argues that because the IJ did not state explicitly that he did not believe that Chimeka was a member of MASSOB in Nigeria, the IJ erred by failing to evaluate whether he had an objectively reasonable fear of persecution on that basis. Yet while in some circumstances the IJ may make a "bifurcated" credibility determination, believing some aspects of the alien's claim but not others, such was not the case here. *Cf. Paul v. Gonzales*, 444 F.3d 148, 154-57 (finding that where the IJ disbelieved petitioner's past persecution claim, but explicitly found that he was a

4

practicing Christian, the BIA could not ignore objective evidence regarding the treatment of Christians in the petitioner's country).  Rather, the IJ's decision makes clear that he found Chimeka's claim, as a whole, "implausible."  Substantial evidence supports that finding.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Because the only evidence of a threat to Chimeka's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and  CAT relief.  *See Paul*, 444 F.3d at 156; *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5